UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL PAGAN,

        Plaintiff,

     -v-

CHIEF SHEPPARD, et al.,

        Defendants.

12-CV-0800Sc
ORDER



---

On August 30, 2012, the Court granted plaintiff's application to proceed *in forma pauperis* and directed the Clerk of the Court to cause the United States Marshals Service to serve the Summons and Complaint on defendants City of Rochester Police Chief Sheppard, Officer Theodore Wilson, and the City of Rochester. (Docket No. 3.) The Court also dismissed the complaint against defendants City of Rochester Police Department and "Hereim–City of Rochester City Police Department." (*Id.*) To date, summonses have not been issued and therefore service has not been effected on defendants.

Plaintiff has now filed a Request for Production of Documents (Docket No. 4) and a Motion for an Order of Protection against the Rochester Police Department based upon unsworn and wholly conclusory allegations that the Rochester Police Department is posting officers near his home watching him in an attempt to discover evidence against him to use in this proceeding. (Docket No. 5).

With respect to the Request For Production of Documents, the Court notes that it is premature inasmuch as service of the summons and complaint has not been completed and issue has not been joined. Discovery cannot begin, absent agreement of the parties

or an order of the Court, prior to a scheduling conference being held pursuant to Fed.R.Civ.P. 26(f). See Fed.R.Civ.P. 16(b) and 26(d) and (f); Loc.R.Civ.P. 26(b). Plaintiff may later re-file and serve the Request for Documents upon the attorney who appears for the defendants once and if a Rule 26(f) scheduling conference is conducted.

With respect to plaintiff's Motion for an Order of Protection, it is denied as a result of plaintiff's failure to comply with the requirements for issuance of a temporary restraining order and/or preliminary injunction. See Fed.R.Civ. 65(a)-(b) and Loc.R.Civ.P. 65(a)-(b).

> The court may issue a temporary restraining order without written or oral notice to the adverse party ... only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed R. Civ. P. 65(b)(1); see also Loc.R.Civ.P. 65(a). Plaintiff's Motion does not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991).

Similarly, "[a] party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'"

*N.A.A.C.P., Inc. v. Town of East Haven*, 70 F.3d 219, 223 (2nd Cir. 1995) (quoting *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)); *PSC, Inc. v. Reiss*, 111 F.Supp.2d 252, 254 (W.D.N.Y. 2000). The "'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." *N.A.A.C.P., Inc. v. Town East Haven*, 70 F.3d at 223.

In some situations, such as the situation here, a higher standard applies. "The moving party must make a 'clear' or 'substantial' showing of a likelihood of success where (1) the injunction sought 'will alter, rather than maintain, the status quo'--*i.e.*, is properly characterized as a 'mandatory' rather than 'prohibitory' injunction; or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). Plaintiff's Motion, to the extent it seeks a preliminary injunction, fails under either standard and must be denied.

Accordingly, plaintiff's Motion for an Order of Protection (Docket No. 5) is denied.

SO ORDERED.

DATED: 9/13, 2012
Buffalo, New York

JOHN T. CURTIN
United States District Judge

3