UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIGUEL PAGAN,

                      Plaintiff,

                  v.

CHIEF SHEPPARD, et al.,

                      Defendants.

_____

DECISION & ORDER

13-CV-6150T

        *Pro se* plaintiff Miguel Pagan ("Pagan") has filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983 and various state law claims. (Docket # 1). Pagan's claims arise out of his arrest. On March 22, 2013, Pagan filed a motion seeking appointment of counsel and transportation, or in the alternative seeking a change of venue from Buffalo, New York to Rochester, New York. (Docket # 22). Pursuant to an order dated March 20, 2013, the Honorable Hugh B. Scott denied Pagan's request for transportation, granted Pagan's motion to change venue and transferred the case to Rochester, New York. (Docket # 23). Judge Scott deferred ruling on Pagan's motion for appointment of counsel. (*Id.*). Accordingly, currently pending before this Court is Pagan's motion for appointment of counsel. (Docket # 22). Also pending before the Court is Pagan's motion for the issuance of two non-party subpoenas *duces tecum*. (Docket # 27).

        Pagan contends that appointment of counsel is appropriate in this case because the defendants have not responded to his discovery demands, he has had difficulty obtaining

materials from a non-party financial institution, and he has had difficulties finding a notary public. (*Id.* at 2-5).

Pagan also requests that the Court issue two subpoena *duces tecum* to two businesses, Bank of America and Taste Right Foods, which are located in the vicinity of Pagan's arrest. (Docket # 27). Pagan seeks to obtain from both business any video camera footage capturing his arrest as well as the identity of any employees who witnessed the arrest. (*Id.*).

## DISCUSSION

### 1. Plaintiff's Request for the Appointment of Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.

Although plaintiff contends that he has been unsuccessful in his attempts to obtain materials from non-parties to this action, he has demonstrated his ability to seek relief by filing a motion to obtain those subpoenas. (Docket # 27). To the extent that defendants have not responded to Pagan's discovery demands, in accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure, Pagan should contact counsel for defendants and request responses to his discovery demands. If Pagan is unable to obtain a response from defendants, he is free to request an order from this Court compelling the defendants to respond. It is therefore the Decision and Order of this Court that plaintiff's request for the appointment of counsel denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

2. **Plaintiff's Request for the Issuance of Subpoena *Duces Tecum***

Although not entirely clear from his motion, it appears to this Court that Pagan is requesting the issuance of two subpoenas *duces tecum* to Bank of America and Taste Right Food. Pagan has not provided proposed subpoenas to the Court identifying the names of the business, their addresses and the particular information, including the relevant time period, that he is wishes to obtain from those businesses. Despite the failure to provide the proposed subpoenas, it appears to the Court that Pagan would like to obtain any video footage of his arrest that the businesses might have in their possession. In addition, it appears that Pagan would like each business to identify any of their employees who witnessed the arrest. This information appears relevant to the litigation, and the defendants have not submitted an opposition to Pagan's request.

Accordingly, Pagan's motion seeking the issuance of two subpoenas *duces tecum* is denied without prejudice to renewal upon Pagan's submission to the Court proposed

4

subpoenas containing the information necessary to issue the subpoenas. The Clerk of the Court is directed to provide blank copies of the appropriate subpoena *duces tecum* forms to Pagan. Pagan should complete the information requested on those forms and return them to the Court for review. Specifically, for each non-party business, Pagan should identify the name and address of the business and state as specifically as possible the information that he is requesting from each business, including any relevant dates or time frames, such as the date and approximate time of his arrest. After reviewing the proposed subpoenas, the Court will determine whether to direct the Clerk of the Court to issue the proposed subpoenas.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for appointment of counsel **(Docket # 22)** and his motion for the issuance of subpoenas *duces tecum* **(Docket # 27)** are **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       October   3  , 2013