UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIGUEL PAGAN,

                       Plaintiff,

            v.

CHIEF SHEPPARD, et al.,

                       Defendants.

_____

DECISION & ORDER

13-CV-6150T

        *Pro se* plaintiff Miguel Pagan ("Pagan") has filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983 and various state law claims. (Docket # 1). Pagan's claims arise out of his arrest. Currently pending before this Court is Pagan's motion for appointment of counsel and for an interpreter. (Docket # 39).

        Pagan contends that appointment of counsel is appropriate in this case because he is indigent and currently incarcerated at the Monroe County Correctional Facility. (*Id.*). Pagan also requests that the Court appoint a Spanish-speaking interpreter because his "comprehension and understanding [of] the [E]nglish language is a little blurry." (*Id.*).

**DISCUSSION**

**I.    Plaintiff's Request for the Appointment of Counsel**

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. Pagan previously filed a motion seeking the appointment of counsel, which this Court denied on October 3, 2013. (Docket # 32). Pagan's current motion does not provide any basis to alter the Court's previous determination. It is therefore the Decision and Order of this Court that plaintiff's request for the appointment of counsel be denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## II.    Plaintiff's Request for an Interpreter

Pagan's motion also requests the appointment of an interpreter. (Docket # 39). "[T]here is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions." *Velez v. Burge*, 2009 WL 3459744, *2 (W.D.N.Y. 2009) (quoting *Mendoza v. Blodgett*, 1990 WL 263527, *15 (E.D. Wash. 1990)); *Abbas v. Goord*, 2007 WL 2891631, *5 (N.D.N.Y. 2007) ("[p]laintiff, as a civil litigant, has no entitlement to an interpreter"); *Pedraza v. Phoenix*, 1994 WL 177285, *1 (S.D.N.Y. 1994) ("while Fed. R. Civ. P. 43(f) grants the trial judge discretion to appoint an interpreter for trial, there is no federal rule that gives an indigent non-English speaking civil plaintiff the right to a court-ordered translation of pre-trial motions"). Pagan contends that an interpreter is necessary because his knowledge of

the English language is "a little blurry." (Docket # 39). Even assuming English is not Pagan's first language, he has demonstrated his ability to litigate this matter without the assistance of an interpreter. He has not shown that his ability to prosecute this matter is impeded by any alleged language deficiencies. Accordingly, Pagan's request for the appointment of an interpreter is denied. *Velez v. Burge*, 2009 WL 3459744 at *2 (denying request for appointment of an interpreter where record demonstrated that "plaintiff has sufficient proficiency with the English language to prosecute the claims asserted in the complaint" and where there was "no indication that plaintiff is unable to understand or communicate with the court or defendant"); *Abbas v. Goord*, 2007 WL 2891631 at *5 (denying request for appointment of a interpreter where review of proceedings established that "[p]laintiff has been able to effectively and aggressively litigate [the] action").

## CONCLUSION

For the reasons discussed above, plaintiff's motion for appointment of counsel and an interpreter **(Docket # 39)** is **DENIED**.

**IT IS SO ORDERED.**

                                                                     *s/Marian W. Payson*
                                                                       MARIAN W. PAYSON
                                                    United States Magistrate Judge

Dated: Rochester, New York
       October   8  , 2014