UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIGUEL PAGAN,

                    Plaintiff,              13-CV-6150T

          v.                                **DECISION
                                            and ORDER**

MONROE COUNTY, et. al.

                    Defendants.
_____

 Plaintiff Miguel Pagan ("Pagan"), proceeding *pro se*, brings this action  against the defendants asserting constitutional violations pursuant to 42 U.S.C. § 1983 and various state law violations. Currently before the Court is an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.

 At a October 28, 2014 status conference with the Court, after plaintiff failed to appear for a prior status conference, he was advised of his obligation to apprise the Court of his current address and telephone number. By the Court's November 5, 2014 order, plaintiff was directed to advise the Court whether he will proceed *pro se* by December 1, 2014 and the parties were directed to submit a proposed amended scheduling order by December 15, 2014. On January 6, 2015, not having received any communication from Pagan (including a joint proposed amended scheduling order), the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Local Rule 41(b).  Pagan had

not advised the Court of any change of address since the October conference, but the Order to Show Cause, directing him to respond by January 28, 2015, was returned to the Court as undeliverable.

Because neither party has filed an objection to the February 13, 2015 Report and Recommendation, the parties have waived their rights to *de novo* review pursuant to 28 U.S.C. § 636(b)(1). *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir.2000). Additionally, the Second Circuit has adopted the rule that where the parties, as here, have received notice of the consequences of failing to object to a Magistrate Judge's Report and Recommendation such a failure shall "operate[] as a waiver of any further judicial review of the magistrate's decision." *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989). Accordingly, I may only review Magistrate Payson's Report and Recommendation for clear error.

For the reasons set forth in Judge Payson's February 13, 2015 Report and Recommendation, I find that Judge Payson properly determined that this action should be dismissed for failure to prosecute. Accordingly, I adopt Judge Payson's Report and Recommendation in its entirety, and Dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 27, 2015

2